# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 1. STEPHEN HUOVINEN | ) |
| 2. FRANCIS BALLEK | ) |
| 3. CRAIG BLACK | ) |
| 4. ANDREW BOWERSON | ) |
| 5. MICHAEL BUSJ | ) |
| 6. ANDREW CAVANAUGH | ) |
| 7. JOHN CAWTHRAY | ) |
| 8. ANEL COLLINS | ) |
| 9. BRANDON GREGG | ) |
| 10. DENNIS HITCHENS | ) |
| 11. MICHAEL KANE | ) |
| 12. DANIEL KINCADE | ) |
| 13. JOSEPH LEONETTI | ) |
| 14. JEFFREY LINDELL | ) |
| 15. JOSEPH MALLOY | ) |
| 16. MICHAEL MAXWELL | ) |
| 17. PAUL MERRILL | ) |
| 18. JONATHAN OSIKA | ) |
| 19. TODD REESE | ) |
| 20. JORGE RIVERA RIVERA | ) |
| 21. NICOLAS RODRIGUEZ | ) |
| 22. JEFFREY SCHAAL | ) |

|  |  |  |
|---|---|---|
| 23. JASON STRECKER | ) | |
| | ) | |
| 24. TIMOTHY TAGGART | ) | |
| | ) | |
| 25. DEMETRIUS TODD | ) | |
| | ) | |
| 26. KEVIN TURNER | ) | |
| | ) | |
| 27. MANUEL VAZQUEZ | ) | |
| | ) | |
| 28. KEVIN WEEMS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| CITY OF WILMINGTON, DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their counsel, respectfully submit their Complaint against the Defendant, City of Wilmington, Delaware, and state as follows:

### PARTIES

1. The Plaintiffs are current and former employees of the Defendant, City of Wilmington, Delaware ("Defendant" or "City"), who bring this action under the Fair Labor Standards Act ("FLSA") against Defendant, on behalf of themselves and other individuals who opt-into this action, because of Defendant's unlawful deprivation of Plaintiffs' rights to overtime compensation.

2. Defendant operates the City of Wilmington Fire Department ("Wilmington Fire Department"), which is the City department responsible for providing fire suppression and first response emergency medical services to the City of Wilmington.

3. At all times material herein, Defendant has employed the Plaintiffs in the position of Captain and/or Lieutenant in the Wilmington Fire Department. The exact dates of the Plaintiffs' employment are in the custody and control of the Defendant, and the Defendant has knowledge of the dates on which each of the Plaintiffs has been a Captain and/or Lieutenant during the relevant time period.

4. The Plaintiffs bring this action for a declaratory judgment under 28 U.S.C. § 2201, and for backpay compensation, liquidated damages, attorneys' fees and costs, and other relief available under the FLSA, as amended, 29 U.S.C. § 201, *et seq*.

5. The individuals who are identified in the caption of the Complaint have given their written consent to be Party-Plaintiffs in this action, pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint as Exhibit A.

6. At all times material herein, all Plaintiffs have been "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

7. Defendant is an incorporated municipality under the laws of the State of Delaware, with the power to sue and be sued in its own name, and, at all times material herein, Defendant has been a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(x), 203(d). Defendant has a principal office and place of business located within the United States District for the District of Delaware, at 800 North French Street, Wilmington, Delaware 19801.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over Plaintiffs' FLSA action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. All events giving rise to Plaintiffs' claims occurred in this District, as the unpaid wages sought in this action were earned in this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**FACTS**

10. In the time period of June 8, 2018, through the present, as well as before, the Plaintiffs have worked for the Defendant in the position or Captain and/or Lieutenant in the Wilmington Fire Department.

11. Within the last three years, while assigned to the position of Captain and/or Lieutenant, Plaintiffs' primary job duty has been, and remains, to protect and serve the public by engaging in fire suppression, emergency response, and related non-exempt first response activities. At fire and emergency scenes, the Plaintiffs work side-by-side with other front-line first responders, entering burning buildings, performing manual fire suppression work, and performing other non-exempt job duties. Plaintiffs are also cross-trained as emergency medical technicians and provide emergency medical and trauma-related care to the sick and injured.

12. With respect to Plaintiffs and other individuals in the position of Captain and Lieutenant in the Wilmington Fire Department, Defendant has adopted a 28-day work period under 29 U.S.C. § 207(k).

13. During the relevant time period, before approximately July 1, 2020, while working as a Captain and/or Lieutenant on behalf of the Defendant, Plaintiffs were assigned to work and did in fact work a regular, repeating schedule of 24 hours on-duty, followed by 72 hours off-duty,

which resulted in their performing at least 168 hours of regularly scheduled work every 28 days. Since approximately July 1, 2020, Plaintiffs have been assigned a regular and repeating schedule of 24 hours on-duty, followed by 48 hours off-duty, with an additional 24 hours off-duty every seventh (7) shift, which results in their performing at least 192 hours of regularly scheduled work every 28 days. Plaintiffs routinely work additional unscheduled time, outside of their regular schedule, resulting in their regular performance of work in excess of 212 hours in a 28-day period.

14. The exact hours worked by Plaintiffs and the exact workweeks in which Plaintiffs worked over 212 hours in a 28-day period can easily be determined by looking at the Plaintiffs' timekeeping and payroll records, which are in the possession, custody, and control of Defendant.

15. Defendant misclassifies Plaintiffs as "exempt" employees under 29 C.F.R. § 541.3 and unlawfully fails to pay Plaintiffs overtime compensation at one-half times their regular rate of pay for any hours worked in excess of 212 hours in a 28-day period. Instead, Defendant compensates Plaintiffs for only their regularly scheduled hours, regardless of whether Plaintiffs work in excess of 212 hours in a 28-day period.

16. Plaintiffs are paid on a salaried basis. As such, they are paid the same amount during each biweekly pay period regardless of the number of hours they work and whether they work over 212 hours in the 28-day period.

17. Defendant, at all times material herein, has failed and continues to fail to pay Plaintiffs overtime compensation at the rate of one and one-half times their regular rate of pay when it suffers or permits Plaintiffs to work in excess of 212 hours in a 28-day period.

18. For example, Plaintiff Dennis Hitchens is a Lieutenant employed by the Defendant. During the 28-day period between October and November 2020, Plaintiff Hitchens worked 192 regularly scheduled hours and 60 hours of unscheduled overtime. However, Defendant failed to

properly pay Plaintiff Hitchens overtime compensation for approximately 40 hours of work performed in excess of the applicable overtime threshold during the FLSA pay cycle adopted by the City.

19. Plaintiff Stephen Huovinen is a Lieutenant employed by the Defendant. During the 28-day period between January and February 2021, Plaintiff Huovinen worked 192 regularly scheduled hours and 84 hours of unscheduled overtime. Defendant failed to properly pay Plaintiff Huovinen overtime compensation for approximately 64 hours worked in excess of the applicable overtime threshold during the FLSA pay cycle adopted by the City.

20. Each of the other Plaintiffs has similar schedules to and work similar hours as Plaintiffs Hitchens and Huovinen. Additionally, each of the other Plaintiffs routinely works in excess of 212 hours in a 28-day work period but are similarly denied overtime compensation for all hours worked in excess of the applicable overtime threshold.

21. Defendant, at all times material herein, has known and should have known that uncompensated overtime work was being performed by Plaintiffs, due to Defendant's established policies and procedures, work schedules, and observation of Plaintiffs, among other things.

22. Plaintiffs are entitled to and do receive work differentials, including but not limited to out of rank pay, which are taxed as income. During work periods in which Plaintiffs work over 212 hours, Defendant fails to include such differentials in the calculation of the regular rate of pay on which Plaintiffs' overtime rate is based.

## COUNT I
## VIOLATION OF SECTION 207(a) OF THE FAIR LABOR STANDARDS ACT

23. Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 22 of this Complaint.

24. During the times that Plaintiffs have worked in excess of 212 hours in a 28-day period, Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at a rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. §§ 207(a) and 207(k).

25. By failing to pay the Plaintiffs the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

26. As a result of Defendant's willful, unreasonable, and bath faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

27. Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include certain premium payments, including but not limited to out of rank pay and longevity pay, in plaintiffs' regular rates of pay for purposes of computing plaintiffs' overtime pay

entitlements, Defendant's failure to include these forms of additional compensation in plaintiffs' regular rates of pay violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b).

28. Pursuant to 29 U.S.C. § 2016(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

29. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF SECTION 207(k) OF THE FAIR LABOR STANDARDS ACT

30. Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 29 of this Complaint.

31. Under the U.S. Department of Labor's regulations applicable to fire fighters covered under 29 U.S.C. § 207(k), 29 C.F.R. § 553.230, an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 53 hours in a 7-day work period or in excess of 212 hours in a maximum 28-day work period (or in excess of a proportionate number of hours for work periods between 7 and 28 days).

32. During the times that Plaintiffs have worked in excess of 212 hours in a 28-day work period, Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. § 553.230.

33. By failing to pay the Plaintiffs the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs have been

unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

34. As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, all plaintiffs, on their own behalf, pray that this Court:

(a) Enter judgment declaring that the Defendant has willfully and wrongfully violated its statutory obligations under federal law and deprived each of the plaintiffs of his/her rights;

(b) Order a complete and accurate accounting of all the unpaid compensation to which the Plaintiffs are entitled;

(c) Award Plaintiffs compensatory relief in the form of unpaid overtime compensation and liquidated damages equal to their unpaid compensation, as well as interest;

(e) Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

| OF COUNSEL: | Respectfully submitted, |
|---|---|
| Sara L. Faulman *(pro hac vice to be submitted)*<br>Sarah M. Block *(pro hac vice to be submitted)*<br>Chelsea M. Williams *(pro hac vice to be submitted)*<br>McGILLIVARY STEELE ELKIN LLP<br>1101 Vermont Avenue, N.W. Suite 1000<br>Washington, DC  20005<br>Phone: (202) 833-8855<br>slf@mselaborlaw.com<br>smb@mselaborlaw.com<br>cmw@mselaborlaw.com | */s/ Aaron M. Shapiro*<br>Aaron M. Shapiro (Del. Bar No. 3659)<br>Lauren P. DeLuca (Del. Bar No. 6024)<br>CONNOLLY GALLAGHER LLP<br>1201 North Market Street<br>20th Floor<br>Wilmington, DE 19801<br>Phone: (302) 757-7300<br>ashapiro@connollygallagher.com<br>ldeluca@connollygallagher.com<br><br>*Counsel for Plaintiffs* |

Dated:  June 8, 2021