**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STEPHEN HUOVINEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-cv-00835-LFR |
| | ) | |
| CITY OF WILMINGTON, DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR SETTLEMENT APPROVAL**

CONNOLLY GALLAGHER LLP

/s/ *Aaron M. Shapiro*

Aaron M. Shapiro, Esq. (No. 3659)
Lauren P. DeLuca, Esq. (No. 6024)
1201 North Market St., 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Email: ashapiro@connollygallagher.com
Email: ldeluca@connollygallagher.com

OF COUNSEL:

Sara L. Faulman, Esq.
Sarah M. Block, Esq.
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Email: slf@mselaborlaw.com
Email: smb@mselaborlaw.com

*Attorneys for Plaintiffs*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Lauren E.M. Russell*

Lauren E.M. Russell, Esq. (No. 5366)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 576-3255
Facsimile: (302) 576-3750
Email: lrussell@ycst.com

*Attorneys for Defendant*

Dated: June 22, 2022

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. CLAIMS ASSERTED AND PROCEDURAL HISTORY .......... 1

III. TERMS OF THE PROPOSED SETTLEMENT .......... 3

IV. APPLICABLE FACTORS FOR APPROVING FLSA SETTLEMENTS .......... 4

V. APPLICATION OF THE FLSA FACTORS TO THE PROPOSED SETTLEMENT AGREEMENT .......... 5

A. The Settlement Resolves a Bona Fide Dispute .......... 5

B. The Settlement Terms are Fair and Reasonable and Do Not Frustrate the Purposes of the FLSA .......... 5

C. The Attorneys' Fees Requested Are Reasonable .......... 8

VI. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Cases**

*Altnor v. Preferred Freezer Servs.,* 197 F. Supp. 3d 746 (E.D. Pa. 2016) .............................. 7, 13

*Balgowan v. New Jersey,* 115 F.3d 214 (3d Cir. 1997) ................................................................ 6

*Bellan v. Cap. Blue Cross,* 2022 U.S. Dist. LEXIS 43025 (M.D. Pa. Mar. 10, 2022) ................ 10

*Bettger v. Crossmark, Inc.,* 2015 U.S. Dist. LEXIS 7213 (M.D. Pa. Jan. 22, 2015)...................... 4

*Brumley v. Camin Cargo Control, Inc.,* 2012 U.S. Dist. LEXIS 20599 (D.N.J. Mar. 26, 2012) ... 8

*Carpenter v. Allpoints Courier Serv.,* 2018 U.S. Dist. LEXIs 155000 (D.N.J. 2018)................... 8

*Clarke v. Flik Int's Corp.,* 2020 U.S. Dist. LEXIS 26306 (D.N.J. Feb. 14, 2020)........................ 4

*DL v. District of Columbia*, 924 F.3d 585 (D.C. Cir. 2019) ....................................................... 11

*Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190 (3d Cir. 2000)................................................ 8

*Horton v. Right Turn Supply, LLC,* 455 F. Supp. 3d 202 (W.D. Pa. 2020) .................................. 4

*Howard v. Phila. Hous. Auth.,* 197 F. Supp. 3d 773 (E.D. Pa. 2016).................................. 4, 7, 10

*In re AT & T Corp.,* 455 F.3d 160 (3d Cir. 2006)................................................................ 9, 13

*In re Rite Aid Corp.,* 396 F. 3d 294 (3d Cir. 2005)...................................................................... 11

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 726 F.3d 403 (3d Cir. 2013) ............................... 11

*Jimenez v. Best Behavioral Healthcare, Inc.,* 2019 U.S. Dist. LEXIS 208486 (E.D. Pa. Dec. 3, 2019) ....................................................................................................................................... 12

*Keller v. TD Bank, N.A.,* 2014 U.S. Dist. LEXIS 155889 (E.D. Pa. Nov. 4, 2014) . ……6, 8, 9, 10

*Kraus v. PA Fit II, LLC,* 155 F. Supp. 3d 516 (E.D. Pa. 2016) ................................................ 5, 6

*Laffey v. Northwest Airlines*, 572 F. Supp. 354 (D.D.C. 1983) .................................................. 11

*Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982)............................................. 4, 5

*Mabry v. Hildebrandt,* 2015 U.S. Dist. LEXIS 112137 (E.D. Pa. Aug. 24, 2015).................... 8, 9

*Morales v. Unique Beginning Caterers Ltd. Liab. Co.,* 2021 U.S. Dist. LEXIS 236744 (D.N.J. Dec. 10, 2021) ........ 10

*Musa v. Soar Corp.,* 2015 U.S. Dist. LEXIS 17398 (E.D. Pa. Feb. 12, 2015) ........ 12

*O'Mara v. Creative Waste Sols., LLC,* 2020 U.S. Dist. LEXIS 86496 (E.D. Pa. May 14, 2020).. 9

*Rabnenou v. Dayan Foods, Ltd.,* 2017 U.S. Dist. LEXIS 122055 (D.N.J. Aug. 3, 2017)........ 6

*Rayna P. v. Campus Cmty. Sch.,* 390 F. Supp. 3d 556 (D. Del. Jul. 18, 2019) ........ 12

*Rouse v. Comcast Corp.,* 2015 U.S. Dist. LEXIS 49347 (E.D. Pa. Apr. 14, 2015) ........ 13

*Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000) ........ 11

*Singleton v. First Student Mgmt. LLC,* 2014 U.S. Dist. LEXIS 108427 (D.N.J. Aug. 6, 2014) ........4, 7, 8

*Solkoff v. Pa. State Univ.,* 435 F. Supp. 3d 646 (E.D. Pa. 2020) ........ 4, 6, 7

*Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3d Cir. 2011) ........ 8

*Wehr v. Burroughs Corp.,* 619 F.3d 276 (3d Cir. 1980) ........ 13

**Statutes**

28 U.S.C. § 1961 ........ 4

29 U.S.C. § 216(b) ........ 4, 8, 13

29 U.S.C. §§ 201 *et seq* ........ 1

## I. INTRODUCTION

Plaintiffs, Stephen Huovinen, et al., and Defendant, City of Wilmington, Delaware ("Defendant" or "City"), by and through counsel, hereby jointly move this Court to enter an Order approving their Settlement Agreement and dismissing the above-captioned litigation with prejudice. As set forth below, the Parties have reached a Settlement Agreement that will resolve all claims in the instant lawsuit, which alleges that the City failed to pay overtime to Plaintiffs during time periods when they were employed by the City in the position of Lieutenant and/or Captain in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). Because the proposed Settlement Agreement satisfies the criteria for approval of an FLSA settlement in the Third Circuit, the Parties jointly request the Court enter an order: (1) approving the Settlement Agreement, which is incorporated herein by reference, as fair, reasonable, and just in all respects as to the Plaintiffs, and ordering the Parties to perform the Settlement Agreement in accordance with its terms; (2) reserving jurisdiction with respect to this Action for the purpose of enforcing the Settlement Agreement; and (3) dismissing Plaintiffs' claims with prejudice upon final Court approval of the Settlement Agreement.

The Settlement Agreement is attached hereto as **Exhibit 1** and the declaration of Plaintiffs' Counsel, Sara L. Faulman, is attached hereto as **Exhibit 2**.

## II. CLAIMS ASSERTED AND PROCEDURAL HISTORY

Plaintiffs are employed by the Defendant, the City of Wilmington, in the Wilmington Fire Department in the positions of Lieutenant and/or Captain. Plaintiffs filed their Complaint on June 8, 2021, and an Amended Complaint on July 1, 2021. *See* Dkts 1, 9. In their Complaint, Plaintiffs alleged that the City failed to properly compensate them with overtime pay at one and one-half times their regular rate of pay for all hours worked in excess of the applicable overtime threshold—

212 hours for a 28-day work period—under the Fair Labor Standards Act (FLSA). *See* Dkt. 9. In its Answer, the City denied that it violated the FLSA and asserted numerous defenses including, without limitation, that Plaintiffs are properly classified as exempt from the overtime requirements of the FLSA and a good faith defense to liquidated damages. Dkt. 10. The City maintains that it has at all times acted in good faith, in conformity with and in reliance upon applicable law in its exemption classification decisions and payment of wages to Plaintiffs. *Id.*

After the Court entered a Scheduling Order (Dkt. 16), the Parties began exchanging initial disclosures and written discovery requests. Most significantly, Defendant produced Plaintiffs' timekeeping and payroll data to Plaintiffs, and, after a thorough analysis, Plaintiffs shared their damages calculations with Defendant. Plaintiffs submitted a settlement demand to the City on March 2, 2022. Over the course of the subsequent weeks, and mindful of the discovery deadlines set by the Court, the Parties exchanged numerous offers and counteroffers and participated in multiple conferences to discuss the Parties' proposals and damages calculations. Ex. 2, ¶ 32. A Settlement Team consisting of three Plaintiffs (whose appointment to the Team was approved by all Plaintiffs) reviewed each offer and counteroffer. *Id.* ¶ 36. On April 27, 2022, the Parties notified the Court that they had reached an agreement in principle to resolve the case, would timely submit the Parties' agreement for review and approval, and requested a stay of all deadlines, which the Court granted the following day. Dkts. 27-28.

Following the Parties' agreement to a settlement in principle, Plaintiffs' Counsel sent each Plaintiff a letter informing them of the terms of the settlement and providing information about each individual Plaintiff's damages award. Ex. 2, ¶ 37. The letter also provided Plaintiffs with information about how to ask questions about the settlement as well as how to submit any

objections to the settlement. *Id.* No Plaintiff contacted Plaintiffs' Counsel to object to the settlement or its terms. *Id.*

## III. TERMS OF THE PROPOSED SETTLEMENT

Counsel for the Parties have reduced the terms of the proposed Settlement to writing (the "Settlement Agreement"), attached as Exhibit 1. Under the Settlement Agreement, the City will pay a total of $268,918.46 to resolve the Plaintiffs' FLSA claims. Ex. 1, ¶ 2.1. Specifically, this amount reflects $111,509.23 in backpay, $111,509.23 in liquidated damages, and $45,900.00 in reimbursed attorneys' fees and expenses. *Id.* ¶ 2.2. The backpay and liquidated damages amounts will be distributed to Plaintiffs in accordance with Exhibit A to the Settlement Agreement. *Id*. The amounts to be distributed to each Plaintiff were determined by Plaintiffs and their counsel, based on the payroll and timekeeping data provided by Defendants for each individual Plaintiff. *Id.* ¶ 2.6. The City will apply all applicable deductions and withholdings to the backpay amount set forth in Exhibit A for each individual Plaintiff. *Id.* ¶ 2.2(1). In addition, the City agreed to convert the FLSA classification status of Lieutenants and Captains to non-exempt, with all of the rights and benefits that accrue as a result of that classification, effective April 1, 2022. *Id.* ¶ 2.1.

In consideration of Defendant's payment of the Settlement Amount and agreement to re-classify Plaintiffs as non-exempt, Plaintiffs have agreed to a limited release, covering only the Fair Labor Standards Act claims set forth in the action relating to overtime pay for time worked in the Lieutenant and Captain positions through April 1, 2022. *Id.* ¶ 3.1. The Plaintiffs also agreed to dismiss all claims asserted in the lawsuit with prejudice upon the Parties' execution of the Settlement Agreement and the Court's Order approving the Settlement Agreement. *Id.* ¶ 4.1.

If the Court enters an Order approving the Settlement Agreement, the City will issue payment of the Settlement Amount within 45 calendar days of the Court's approval of the

Settlement Agreement, with interest to accrue on any unpaid Settlement Amount after the agreed 45-day period at the rate set forth in 28 U.S.C. § 1961. *Id.* ¶ 2.3.

## IV. APPLICABLE FACTORS FOR APPROVING FLSA SETTLEMENTS

Although the Third Circuit has not explicitly opined on whether judicial approval is required of FLSA settlements reached, district courts nevertheless "abide by the principle that settlement of collective action FLSA claims under 29 U.S.C. § 216(b) requires court approval." *Clarke v. Flik Int's Corp.,* 2020 U.S. Dist. LEXIS 26306, *1-2 (D.N.J. Feb. 14, 2020). *See also Horton v. Right Turn Supply, LLC,* 455 F. Supp. 3d 202, 204 (W.D. Pa. 2020). Thus, a settlement in an FLSA lawsuit is not effective unless it is approved by either a district court or the United States Department of Labor. 29 U.S.C. § 216(b); *Howard v. Phila. Hous. Auth.,* 197 F. Supp. 3d 773, 776 (E.D. Pa. 2016).

When reviewing FLSA settlements, district courts within the Third Circuit have adopted the guidance set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982), meaning that a court will approve a settlement agreement after determining: (1) that the settlement resolves a bona fide dispute, and (2) that the settlement is a fair and reasonable resolution of the FLSA claims. *Clarke,* 2020 U.S. Dist. LEXIS 26306 at *4-5; *Bettger v. Crossmark, Inc.,* 2015 U.S. Dist. LEXIS 7213, *9 (M.D. Pa. Jan. 22, 2015). In addition, a court will approve a settlement if it "furthers the FLSA's implementation in the workplace." *Solkoff v. Pa. State Univ.,* 435 F. Supp. 3d 646, 652 (E.D. Pa. 2020). The court must also analyze the reasonableness of attorneys' fees requested under 29 U.S.C. § 216(b). *Singleton v. First Student Mgmt. LLC,* 2014 U.S. Dist. LEXIS 108427, *21-22 (D.N.J. Aug. 6, 2014).

Based on an analysis of these factors, as discussed below, the settlement is fair and reasonable, and the Parties jointly request that it be approved.

## V. APPLICATION OF THE FLSA FACTORS TO THE PROPOSED SETTLEMENT AGREEMENT

### A. The Settlement Resolves a Bona Fide Dispute

A proposed settlement agreement resolves a bona fide dispute where the terms of the settlement "reflect a reasonable compromise over issues, such as...back wages, that are actually in dispute" and are not a "mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. *See also Kraus v. PA Fit II, LLC,* 155 F. Supp. 3d 516, 530 (E.D. Pa. 2016) (citing *Lynn's Food Stores*). "In essence, for a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Kraus,* 155 F. Supp. 3d at 531.

Here, the Parties' Settlement Agreement resolves a bona fide dispute because the Parties disagree as to the City's liability under the FLSA, and the appropriateness of the City's classification of Lieutenants and Captains as exempt from the overtime requirements of the FLSA. As evidenced by the Defendant's Answer (Dkt. 10), the City does not agree with Plaintiffs' assertion that it violated the FLSA by classifying Plaintiffs as exempt and refusing to pay them overtime at a time and one-half rate for all hours worked in excess of the applicable FLSA threshold, or 212-hours in a 28-day work period. As explained herein, because the settlement represents a "reasonable compromise" of this issue, the Settlement Agreement should be approved.

### B. The Settlement Terms are Fair and Reasonable and Do Not Frustrate the Purposes of the FLSA

The Parties' Settlement Agreement—which provides almost full monetary relief, contains no confidentiality clause, and includes only a limited release of FLSA claims—reflects a fair and reasonable resolution of the Plaintiffs' claims in the case and does not frustrate the purposes of the

FLSA, so should be approved. *See, e.g., Keller v. TD Bank, N.A.,* 2014 U.S. Dist. LEXIS 155889, *27 (E.D. Pa. Nov. 4, 2014) (Restrepo, J.) (approving FLSA settlement as fair and reasonable "where the Plaintiffs brought suit in federal court over allegedly uncompensated time and the settlement is designed to provide due compensation").

First, the negotiated settlement amount demonstrates the fairness of the Parties' agreement. As one court has explained, "[t]he fairness of the settlement primarily depends on the amount of the settlement compared to the amount the plaintiff claims in FLSA damages." *Solkoff,* 435 F. Supp. 3d at 654-55. *See also Kraus,* 155 F. Supp. 3d at 532 ("The Court finds the compensation terms fair and reasonable because the settlement amount is significant in light of Plaintiff's claim."). Here, after the agreed-upon contingency fee is taken, the settlement amount represents 100% of the backpay that Plaintiffs would be owed at trial over the full, three-year statute of limitations, plus liquidated damages equal to 54% of the backpay. Ex. 2, ¶ 41. In addition, the City has agreed to re-classify Lieutenants and Captains as non-exempt effective April 1, 2022, which neither a jury nor the Court would have authority to award as a part of the litigation. *Id.* ¶ 42. *See also, e.g., Balgowan v. New Jersey,* 115 F.3d 214, 218 (3d Cir. 1997) (there is no private right of action for injunctive relief under the FLSA). Thus, the settlement amount awards Plaintiffs almost full monetary relief plus future relief not available from the Court, while simultaneously avoiding additional expenditure of resources by both parties and the Court that would be required to continue litigating the case—namely those costs related to discovery, dispositive motions, and trial. *See, e.g., Rabnenou v. Dayan Foods, Ltd.,* 2017 U.S. Dist. LEXIS 122055, *3 (D.N.J. Aug. 3, 2017) (finding settlement in FLSA exemption case fair and reasonable where plaintiff will receive an amount higher than his calculated unpaid overtime pay).

Second, there is no confidentiality clause in the agreement. While courts have routinely held that "confidentiality clauses in FLSA settlement agreements frustrate the purpose of the FLSA by facilitating information asymmetry that hinders FLSA enforcement," there is no such obstacle to settlement approval here. *Solkoff,* 435 F. Supp. 3d at 658. *See also Altnor v. Preferred Freezer Servs.,* 197 F. Supp. 3d 746, 764 (E.D. Pa. 2016) ("The proposed Settlement Agreement here does not contain a confidentiality clause, thereby avoiding a common basis for rejecting a proposed FLSA collective settlement.").

Third, the Parties have agreed to a limited release which only includes the FLSA claims alleged in this lawsuit "relating to overtime pay for time worked in the Lieutenant and Captains positions through April 1, 2022." Ex. 1, ¶ 3.1. Courts in the Third Circuit have routinely found broad releases to frustrate the purposes of the FLSA "by allowing employers to use their superior bargaining power to disadvantage FLSA claimants[;]" here, the Plaintiffs will release *only* the FLSA claims asserted in the lawsuit up until the date of their reclassification to a non-exempt status. *Solkoff,* 435 F. Supp. 3d at 659-60. *See also Howard*, 197 F. Supp. 3d at 780 ("The release of an unknown claim based on a separate statutory cause of action frustrates the fairness of the benefit otherwise provided under the proposed Settlement Agreement."). As such, the agreed-upon release of claims is consistent with the purpose of the FLSA because it does not provide the City with any benefit beyond fair resolution of the claims at issue in the case. *See, e.g., Singleton,* 2014 U.S. Dist. LEXIS 108427 at *24 (approving release limited to claims related to the specific litigation and not incorporating any state or FLSA wage and hour claims that a plaintiff alleges subsequent to the settlement approval).

Thus, the settlement agreement should be approved as it provides plaintiffs with significant monetary and non-monetary relief and "furthers the purposes of the FLSA, containing a limited

release and no confidentiality agreement while fostering the public interest in vindicating wage and hour rights of workers." *Carpenter v. Allpoints Courier Serv.,* 2018 U.S. Dist. LEXIs 155000, *2 (D.N.J. 2018).

**C. The Attorneys' Fees Requested Are Reasonable**

Under the FLSA, a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, an award of attorneys' fees and costs to prevailing plaintiffs is mandatory. "[J]udicial approval of attorneys' fees is necessary to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Singleton,* 2014 U.S. Dist. LEXIS 108427, at *26-27 (quoting *Brumley v. Camin Cargo Control, Inc.,* 2012 U.S. Dist. LEXIS 20599, *29 (D.N.J. Mar. 26, 2012)).

The percentage-of-the-recovery method, which allows a district court judge to award attorneys' fees as a percentage of the total settlement recovered, is the prevailing method used in the Third Circuit to determine the reasonableness of an attorneys' fee request. *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 330 (3d Cir. 2011); *Mabry v. Hildebrandt,* 2015 U.S. Dist. LEXIS 112137, *9 (E.D. Pa. Aug. 24, 2015) (citing *Keller*). Factors to be considered in reviewing an attorneys' fee award under this method include: "(1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases." *Keller,* 2014 U.S. Dist. LEXIS 155889 at *38 (quoting *Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190, 195 n.1 (3d Cir. 2000)). The factors "need not be applied in a formulaic way" and "in

certain cases, one factor may outweigh the rest." *In re AT & T Corp.,* 455 F.3d 160, 166 (3d Cir. 2006). An analysis of the factors in this case weighs in favor of approving the requested attorneys' fees.

Here, each of the Plaintiffs entered into a private fee agreement to pay a 25% contingency fee (an amount which is far less than Plaintiffs' Counsel's actual lodestar). Ex. 2, ¶ 25. Thus, the total amount of attorneys' fees that will be awarded to Plaintiffs' Counsel is $67,228.62. Significantly, the Settlement Agreement provides that—separate and apart from payments to Plaintiffs—Defendant will, pursuant to Section 216(b) of the FLSA, pay $45,900.00 in attorneys' fees and expenses. Ex. 1, ¶ 2.1(2). Ex. 2, ¶ 26. As such, the amount actually paid by Plaintiffs as a contingency fee is significantly less than the amount they agreed to at the outset of the case, equal to approximately 9.56% percent. *Id.* ¶ 25. There have been no objections to the proposed amount of attorneys' fees and costs. *Id.* ¶ 37.

Courts in the Third Circuit routinely approve percentage-of-the-recovery awards in FLSA cases ranging from 20-45% of the settlement amount. *Mabry,* 2015 U.S. Dist. LEXIS 112137 at *9 (collecting cases); *Keller,* 2014 U.S. Dist. LEXIS 155889 at *39 (in approving an FLSA settlement, noting that "In the Third Circuit, courts have approved as reasonable attorneys' fees awards ranging from approximately 19% to 45% of the common fund."). The attorneys' fees requested by Plaintiffs' Counsel in this case equal to 25% of the total settlement falls within the lower end of the general range of attorneys' fee awards that the Third Circuit has found to be reasonable. *See, e.g., O'Mara v. Creative Waste Sols., LLC,* 2020 U.S. Dist. LEXIS 86496, *14 (E.D. Pa. May 14, 2020) (approving fee request in FLSA settlement where percentage of the recovery proposed—a recovery of 28.6%—"falls at the lower end of this generally accepted range."). *See also Bellan v. Cap. Blue Cross,* 2022 U.S. Dist. LEXIS 43025, *22 (M.D. Pa. Mar.

10, 2022) (finding requested fee of one-third of the total settlement to be reasonable, noting that the fee request "is in keeping with awards in other FLSA collective actions within the Third Circuit"); *Morales v. Unique Beginning Caterers Ltd. Liab. Co.,* 2021 U.S. Dist. LEXIS 236744, *8 (D.N.J. Dec. 10, 2021) ("courts of this Circuit routinely approve attorneys' fees of around 30 percent of settlement funds in FLSA cases"); *Howard,* 197 F. Supp. 3d at 782 (approving a 32.4% fee award in private FLSA action as fair and reasonable). In addition, as noted above, Plaintiffs will actually pay far less than the 25% contingent fee they initially agreed to given Defendant's agreement to separately pay $45,900.00 in attorneys' fees and expenses. Ex. 2, ¶¶ 25-26. All of the Plaintiffs were informed, in writing, of the settlement terms including the amount of the requested attorneys' fees, and none of the Plaintiffs have objected. *Id.*, ¶ 37.

Further, as described in the attached Declaration of Sara L. Faulman, Plaintiffs were represented by counsel with considerable experience in nationwide wage and hour and FLSA litigation. See Ex. 2, ¶¶ 2-20. Indeed, lead Plaintiffs' Counsel Sara Faulman has successfully represented fire fighters in wage and hour litigation for approximately 18 years, including multiple actions similar to the instant case challenging fire fighters' misclassification as exempt from the overtime requirements of the FLSA. *Id.* ¶¶ 2-7. Plaintiffs' Counsel also represented Plaintiffs competently, diligently, and efficiently through the entire litigation. Notably, Plaintiffs' Counsel worked collaboratively with counsel for Defendant to reach an early resolution of the case, conducting targeted discovery of payroll and timekeeping data to permit educated settlement negotiations and to avoid unnecessary litigation expense. *Id.* ¶ 34. Additionally, Plaintiffs' Counsel took this case on a contingent basis and have not yet been paid for their work in representing Plaintiffs, undertaking significant risk of non-payment. *Keller,* 2014 U.S. Dist. LEXIS 155889 at *41-42 (risk that Plaintiffs' claims would fail in a case taken on contingent basis weighs in favor

of awarding requested fees). For these reasons, the requested attorneys' fees are reasonable and should be approved.

Moreover, a lodestar cross-check further confirms the reasonableness of the fee request. The Third Circuit has stated that it is "sensible" to utilize a lodestar cross-check in determining the reasonableness of a fee based on the percentage-of-the-recovery method. *In re Rite Aid Corp.,* 396 F. 3d 294, 305 (3d Cir. 2005). The lodestar cross-check "attempts to account for the contingent nature or risk involved in a particular case and the quality of the attorney's work." *Id.* at 205-06.

Although Plaintiffs' Counsel at McGillivary Steele Elkin LLP ("MSE"), located in Washington, DC, regularly recovers attorneys' fees in multi-plaintiff wage and hour cases at the rates set forth in the "adjusted Laffey Matrix,"[1] in this case Plaintiffs' Counsel at MSE utilized substantially lower rates which are in line with the hourly rates typically charged and recovered by Plaintiffs' Delaware counsel at Connolly Gallagher, LLP. *Id.* ¶¶ 21-23. Specifically, for purposes of the lodestar cross-check, Plaintiffs utilized hourly rates of $220-$450 for attorneys and $150 for paralegals. *Id.* ¶¶ 8-9, 12-18, 21-22. These rates which are in line with reasonably hourly rates approved by district courts in the Third Circuit and consistent with the fee schedule

[1] The Laffey Matrix, available online at www.laffeymatrix.com, sets the reasonable hourly rates for attorneys in Washington, DC as determined by the court in *Laffey v. Northwest Airlines*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1031 (1985). Courts have adjusted this rate, which the U.S. District for the District of Columbia approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 13 (D.D.C. 2000). *See also DL v. District of Columbia*, 924 F.3d 585 (D.C. Cir. 2019) (endorsing the adjusted Laffey Matrix). Notably, the Third Circuit has agreed that the adjusted Laffey Matrix should be relied upon in determining the prevailing hourly rates in the Washington, DC legal market. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 726 F.3d 403, 416 (3d Cir. 2013) ("We thus affirm the District Court's use of the LSI-updated Laffey Matrix to determine the prevailing rates in the Washington, D.C. market.").

of rates developed by Community Legal Services[2] ("CLS") as reasonable hourly rates. *See, e.g., Jimenez v. Best Behavioral Healthcare, Inc.,* 2019 U.S. Dist. LEXIS 208486, *10 (E.D. Pa. Dec. 3, 2019) (in FLSA case, noting that the "Third Circuit Court of Appeals has approved the use of fee schedule rates developed by Community Legal Services as reasonable hourly rates"); *Rayna P. v. Campus Cmty. Sch.,* 390 F. Supp. 3d 556, 565 (D. Del. Jul. 18, 2019) (adopting CLS Fee Schedule "as an appropriate benchmark against which to evaluate a fee request" and noting that the "regional market for legal services" includes "Philadelphia, southern New Jersey, and Delaware"). For example, Plaintiffs utilized the rate of $400 per hour for work performed by Sara L. Faulman, who acted as lead Plaintiffs' counsel and has 18 years of experience, which is *below* the range recommended for attorneys with 16-20 years' experience of $475-$530. Ex. 2, ¶¶ 2, 8. *See also Musa v. Soar Corp.,* 2015 U.S. Dist. LEXIS 17398, *6 (E.D. Pa. Feb. 12, 2015) (approving hourly rate of $400 in FLSA case, noting that the rate "falls slightly below the prevailing market range noted in the CLS fee schedule"). Similarly, Plaintiffs utilized the rates of $350 per hour for Sarah M. Block, who has 8 years of experience, and $220 per hour for Chelsea Williams, who had 2 years of experience; these rates are clearly within the range of reasonable rates set by CLS for attorneys with 6-10 years of experience of $280-360 and attorneys with 0-2 years of experience of $200-$220. Ex. 2, ¶¶ 13-14.

As of May 23, 2022, Plaintiffs' lodestar calculation—i.e., the number of hours reasonably expended by both firms by their reasonable hourly rate—utilizing the hourly rates discussed above and set forth in Exhibit 2 was $71,395.77. Ex. 2, ¶ 24. When the requested fee award of $67,228.62 is divided by the lodestar calculation, the result is a multiplier of only 0.94. *In re AT&T Corp.,* 455

---

[2] Hourly fee rates developed by Community Legal Services are available online at https://clsphila.org/about-community-legal-services/attorney-fees/.

F.3d at 164 (describing how to perform a lodestar cross-check). Notably, a "lodestar multiplier of less than one, like the lodestar multiplier here, reveals that the fee request constitutes only a fraction of the work that the attorneys billed and thus favors approval." *Altnor v. Preferred Freezer Servs.,* 197 F. Supp. 3d 746, 767 (E.D. Pa. 2016).

In this litigation, Plaintiffs' Counsel has incurred over $989.77 in out-of-pocket expenses. Ex. 2, ¶ 24. A detailed breakdown of the expenses incurred by Plaintiffs' Counsel through May 23, 2022, is attached to the Declaration of Sara L. Faulman as Exhibits A and B. Plaintiffs are entitled to reimbursement of litigation expenses from the settlement fund. *See* 29 U.S.C § 216(b). Plaintiffs' Counsel's expenses, including filing fees, fees associated with service of process, and electronic research fees, were reasonable and necessary to counsel's representation of Plaintiffs. *See, e.g., Rouse v. Comcast Corp.,* 2015 U.S. Dist. LEXIS 49347, *35 (E.D. Pa. Apr. 14, 2015) (awarding costs and expenses to cover, among other things, filing and service fees and photocopying costs); *See also Wehr v. Burroughs Corp.,* 619 F.3d 276, 285 (3d Cir. 1980) (awarding costs for computer-aided legal research, noting that " Use of computer-aided legal research such as LEXIS, or WESTLAW, or similar systems, is certainly reasonable, if not essential, in contemporary legal practice.").

Accordingly, attorneys' fees and expenses in the amount of $67,228.62, equal to 25% of the settlement amount, is reasonable and should be approved by this Court.

## VI. CONCLUSION

For all of the above reasons, the Parties believe this proposed settlement will successfully provide appropriate overtime compensation for Plaintiffs and adequately resolve their claims as asserted in the above-captioned case. Accordingly, the Parties respectfully submit that the proposed settlement is fair and reasonable and should be approved by the Court.

Respectfully submitted,

CONNOLLY GALLAGHER LLP

/s/ *Aaron M. Shapiro*

Aaron M. Shapiro, Esq. (No. 3659)
Lauren P. DeLuca, Esq. (No. 6024)
1201 North Market St., 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Email: ashapiro@connollygallagher.com
Email: ldeluca@connollygallagher.com

OF COUNSEL:

Sara L. Faulman, Esq.
Sarah M. Block, Esq.
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Email: slf@mselaborlaw.com
Email: smb@mselaborlaw.com

*Attorneys for Plaintiffs*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Lauren E.M. Russell*

Lauren E.M. Russell, Esq. (No. 5366)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 576-3255
Facsimile: (302) 576-3750
Email: lrussell@ycst.com

*Attorneys for Defendant*

Date: June 22, 2022