# Exhibit 1

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STEPHEN HUOVINEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-cv-00835-LPS |
| | ) | |
| CITY OF WILMINGTON, DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is made and entered into by and among all the Parties in the above-captioned case, namely Plaintiffs, each of whom are identified on Exhibit A attached hereto, and who have consented to be Party-Plaintiffs in the above-captioned case, and the Defendant, the City of Wilmington, Delaware (the "City" or "Defendant"), and is based on the following:

## I. RECITALS

1.1 Plaintiffs are thirty-three (33) individuals employed by the City as Lieutenants and/or Captains. On June 8, 2021, they filed a complaint in the U.S. District Court for the District of Delaware seeking overtime pay pursuant to the Fair Labor Standards Act ("FLSA"). An Amended Complaint was filed on July 1, 2021.

1.2 In the above-captioned case, Plaintiffs alleged that the City erroneously classified them as exempt from the FLSA, and therefore failed to properly pay them overtime compensation pursuant to the FLSA. As a result, the Plaintiffs alleged they were entitled to backpay, liquidated damages, a three-year statute of limitations, and attorneys' fees and costs. The City denied Plaintiffs' allegations and alleged that Plaintiffs were properly classified pursuant to the FLSA and that Plaintiffs were not entitled to any form of relief whatsoever.

1.3 After engaging in initial discovery, the Parties ultimately reached an agreement in principle to resolve the case on April 14, 2022.

1.4 The Parties have agreed to resolve the matters in dispute between and among them pursuant to the terms of this Agreement. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of the Plaintiffs' FLSA claims. The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

1.5 The Parties, through their counsel, by separate motion, will seek judicial approval of this Settlement Agreement. In the event the proposed settlement contained in this Agreement is not finally approved by the Court, this Agreement will no longer have any effect and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

## II. PAYMENT AND DISTRIBUTION

2.1 In consideration for the terms, conditions, and promises in this Agreement, the City, in accordance with paragraph 2.2, shall pay or cause to be paid to Plaintiffs a total of $268,918.46 ("the Settlement Amount"), and will convert the Lieutenants' and Captains' classification status to non-exempt, with all of the benefits and rights that accrue as a result of that classification, effective April 1, 2022.

2.2 The Settlement Amount will be divided and distributed to Plaintiffs as follows:

(1) a set of payroll checks and/or stubs for direct deposit payments, regular payroll checks for active (employed) Plaintiffs, and separate payroll checks for inactive (no longer employed) Plaintiffs, made Payable to each Plaintiff in accordance with Exhibit A to this Agreement and totaling a pre-tax amount of

$111,509.23 (the "Backpay Amount"), less all applicable deductions and withholdings for each individual Plaintiff. With respect to all Plaintiffs who are no longer employed by the City as of the effective date of this Agreement, the Defendant shall utilize the last known withholding amount for each former employee; and

(2) one check in the total amount of $157,409.23, representing $111,509.23 in liquidated damages and $45,900.00, in reimbursed attorneys' fees and expenses (the "Lump Sum Amount"), payable to Plaintiffs' Counsel McGillivary Steele Elkin LLP for distribution to the Plaintiffs. Plaintiffs' counsel shall provide the City with a W-9 within three days after the Parties have executed this Agreement. In accordance with Paragraph 2.4 below and pursuant to the individual retainer agreements signed by all 33 Plaintiffs, Plaintiffs' counsel will deduct their litigation expenses and contingency attorney fee equal to twenty-five percent (25%) of the Settlement Amount prior to distributing to all Plaintiffs their liquidated damages share of the Lump Sum Amount.

These amounts are agreed to among the Parties to compromise, settle, and satisfy the Released Claims described in paragraph 3.1 below, liquidated damages related to the Released Claims, and all attorneys' fees and expenses related to the Released Claims.

2.3 The City shall issue payment of the Settlement Amount within forty-five (45) calendar days after the date that the Court enters an Order approving this Agreement. After this 45-day period, interest shall accrue on any unpaid Settlement Amount at the rate set forth in 28 U.S.C. § 1961.

2.4 Plaintiffs have entered into individual agreements with Plaintiffs' Counsel. These agreements provide for a contingency attorney fee amount equal to twenty-five percent (25%) of the Settlement Amount calculated after expenses in the amount of $6,204.00 are deducted from the Settlement Amount. Plaintiffs and their counsel are solely responsible for determining the contingency attorney fee applicable to this Agreement. Plaintiffs' counsel shall deduct their contingency attorney fee from the Lump Sum Amount in accordance with Plaintiffs' individual agreements with Plaintiffs' Counsel.

2.5 Defendant will forward the Lump Sum Amount payable to McGillivary Steele Elkin LLP, who will be responsible for distributing to each Plaintiff listed in Exhibit A his/her respective share of the Lump Sum Amount.

2.6 Plaintiffs and their counsel determined the method used to calculate the amounts to be paid to each Plaintiff for the Back Pay Amount and his/her share of the Lump Sum Amount.

2.7 Plaintiffs and their counsel, McGillivary Steele Elkin LLP, will defend, release, and hold the City harmless from any and all claims or causes of action arising from the allocation and distribution of the Settlement Amount.

2.8 The City shall reflect the Individual Back Pay Amounts on each Plaintiff's W-2 form as set forth in Exhibit A to this Agreement, less applicable deductions. Plaintiffs' counsel will be responsible for distributing 1099-MISC forms to the Plaintiff for their share of the Lump Sum Amount.

## III. <u>RELEASE AND WAIVER OF CLAIMS</u>

3.1 Plaintiffs hereby release, acquit, and forever discharge the Defendant from all Fair Labor Standards Act claims set forth in the above-referenced action relating to overtime pay for time worked in the Lieutenant and Captain positions through April 1, 2022 ("Released Claims").

Plaintiffs agree and acknowledge that, with respect to such claims, Plaintiffs are waiving not only their right to recover money or other relief in any action that they might institute but also that they are waiving their right to recover money or other relief in any action that might be brought for such claims on their behalf by any other person or entity including, but not limited to, the state of Delaware, the United States Department of Labor ("DOL"), or any other (U.S. or foreign) federal, state, or local agency or department.

3.2 All Plaintiffs shall be deemed to and shall have waived, released, discharged, and dismissed all Released Claims as set forth in Paragraph 3.1, with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved or with regard to any facts which are now unknown to them.

3.3 All Plaintiffs understand and agree that, to the fullest extent permitted by law, they are precluded from filing or pursuing any legal claim or action of any kind against any entity at any time in the future, or with any federal, state or municipal court, tribunal or other authority arising out of the Released Claims.

3.4 All Plaintiffs agree that they are entering this Agreement knowingly, voluntarily, and with full knowledge of its significance. Each Plaintiff affirms that he/she has not been coerced, threatened, or intimidated into agreeing to the terms of this Agreement, and he/she has been advised to and has had the opportunity to consult with an attorney with respect to the terms of this Agreement.

**IV. <u>DISMISSAL OF CLAIMS</u>**

4.1 Plaintiffs agree to dismissal of all claims asserted in the Lawsuit against the City with prejudice as specified in paragraph 3.1, upon the Parties' execution of the Settlement Agreement and the Court's Order approving the Settlement Agreement.

## V. NO ADMISSION OF LIABILITY

5.1 The City does not admit any allegations made against it in the above-captioned lawsuit. Nothing contained in this Agreement, including the promise by the City to reclassify the Plaintiffs as FLSA non-exempt with all the rights and benefits that apply with that classification, shall be deemed an admission of liability or of any violation of any applicable law, rule, regulation, order, or contract of any kind. The City acknowledges that retaliation is prohibited under the FLSA.

## VI. CONTINUED JURISDICTION

6.1 The U.S. District Court for the District of Delaware shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising under this Agreement.

## VII. PARTIES' AUTHORITY

7.1 The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the parties hereto to the terms and conditions hereof. The Parties acknowledge that the Court may schedule a settlement approval conference in this matter, and that to object to the settlement, a Plaintiff must either appear in person at the settlement approval conference, or by telephone if the Court conducts a telephonic settlement conference, to voice their objection. A Plaintiff who does not object to the Settlement Agreement does not have to attend the settlement approval conference or take any action to approve the settlement and/or otherwise indicate his/her agreement to the terms of the settlement.

7.2 All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

7.3 Any signature made and transmitted by facsimile, email, or verified electronic signature program such as DocuSign for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement.

**VIII. <u>MUTUAL FULL COOPERATION</u>**

8.1 The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

**IX. <u>MODIFICATION</u>**

9.1 This Agreement and its attachment may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

**X. <u>ENTIRE AGREEMENT</u>**

10.1 This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement. In the event of any conflict between this Agreement and any other settlement-related document, the parties intend that this Agreement shall be controlling.

**XI. <u>CHOICE OF LAW/JURISDICTION</u>**

11.1 This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the state of Delaware, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the District of Delaware. This Agreement shall be construed as a whole according to its

fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## XII. VOIDING THE AGREEMENT

12.1 In the event this Agreement does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all Parties.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

By: DocuSigned by: Sara L. Faulman A07A87DF8B2748F...

Sara L. Faulman
Sarah M. Block
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
Facsimile: (202) 452-1090
slf@mselaborlaw.com
smb@mselaborlaw.com

DocuSigned by: Aaron M. Shapiro 024BAFFFC4D3477...

Aaron M. Shapiro (Del. Bar No. 3659)
Lauren P. DeLuca (Del. Bar No. 6024)
CONNOLLY GALLAGHER LLP
1201 North Market Street
20th Floor
Wilmington, DE 19801
Phone: (302) 757-7300
ashapiro@connollygallagher.com
ledeluca@connollygallagher.com

*Counsel for Plaintiffs*

By: DocuSigned by: Lauren E.M. Russell 345D9DAF0BEB4C1...

Lauren E.M. Russell
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801
Phone: (302) 576-3255
Facsimile: (302) 576-3750
LRussell@ycst.com

*Counsel for Defendant*

EXHIBIT A

| # | Last Name | First Name | GROSS BACKPAY | GROSS LIQUIDATED DAMAGES | TOTAL GROSS BACKPAY AND LIQUIDATED DAMAGES |
|---|---|---|---|---|---|
| 1 | Ballek | Francis | $ 544.36 | $ 544.36 | $ 1,088.72 |
| 2 | Black | Craig | $ 305.33 | $ 305.33 | $ 610.66 |
| 3 | Bowerson | Andrew | $ 6,414.60 | $ 6,414.60 | $ 12,829.20 |
| 4 | Bush | Michael | $ 125.00 | $ 125.00 | $ 250.00 |
| 5 | Cavanaugh | Andrew | $ 13,682.95 | $ 13,682.95 | $ 27,365.90 |
| 6 | Cawthray | John | $ 2,997.57 | $ 2,997.57 | $ 5,995.14 |
| 7 | Collins | Anel | $ 191.82 | $ 191.82 | $ 383.64 |
| 8 | Cooper | Andre | $ 246.93 | $ 246.93 | $ 493.86 |
| 9 | Crews Sr. | Kevin | $ 498.00 | $ 498.00 | $ 996.00 |
| 10 | Gregg | Brandon | $ 11,137.63 | $ 11,137.63 | $ 22,275.26 |
| 11 | Haley | Eric | $ 10,669.16 | $ 10,669.16 | $ 21,338.32 |
| 12 | Hinds | Laurence | $ 657.71 | $ 657.71 | $ 1,315.42 |
| 13 | Hitchens | Dennis | $ 17,456.38 | $ 17,456.38 | $ 34,912.76 |
| 14 | Huovinen | Stephen | $ 5,776.78 | $ 5,776.78 | $ 11,553.56 |
| 15 | Kane | Michael | $ 125.00 | $ 125.00 | $ 250.00 |
| 16 | Khairzada | Michael | $ 269.37 | $ 269.37 | $ 538.74 |
| 17 | Kincade | Daniel | $ 7,037.99 | $ 7,037.99 | $ 14,075.98 |
| 18 | Leonetti | Joseph | $ 125.00 | $ 125.00 | $ 250.00 |
| 19 | Lindell | Jeffrey | $ 126.71 | $ 126.71 | $ 253.42 |
| 20 | Malloy | Joseph | $ 1,023.41 | $ 1,023.41 | $ 2,046.82 |
| 21 | Maxwell | Michael | $ 4,490.22 | $ 4,490.22 | $ 8,980.44 |
| 22 | Merrill | Paul | $ 125.00 | $ 125.00 | $ 250.00 |
| 23 | Osika | Jonathan | $ 13,357.78 | $ 13,357.78 | $ 26,715.56 |
| 24 | Reese | Todd | $ 125.00 | $ 125.00 | $ 250.00 |
| 25 | Rivera | Jorge | $ 4,883.35 | $ 4,883.35 | $ 9,766.70 |
| 26 | Rodriguez | Nicolas | $ 4,011.23 | $ 4,011.23 | $ 8,022.46 |
| 27 | Schaal | Jeffrey | $ 678.97 | $ 678.97 | $ 1,357.94 |
| 28 | Strecker | Jason | $ 802.57 | $ 802.57 | $ 1,605.14 |
| 29 | Taggart | Timothy | $ 125.00 | $ 125.00 | $ 250.00 |
| 30 | Todd | Demetrius | $ 1,236.55 | $ 1,236.55 | $ 2,473.10 |
| 31 | Turner | Kevin | $ 125.00 | $ 125.00 | $ 250.00 |
| 32 | Vazquez | Manuel | $ 818.17 | $ 818.17 | $ 1,636.34 |
| 33 | Weems | Kevin | $ 1,318.69 | $ 1,318.69 | $ 2,637.38 |
| | | | | | |
| | | | **$ 111,509.23** | **$ 111,509.23** | **$ 223,018.46** |